# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LONNY BRISTOW,  Case No. 1:05-cv-201
    Plaintiff

vs

WANZA JACKSON, et al.,  **ORDER**
    Defendants  (Beckwith, J.)

    This matter is before the Court on plaintiff's motion to stay judgment pending appeal. (Doc. 9).

    On March 29, 2005, the Court denied plaintiff's motion for leave to proceed *in forma pauperis* under the "three strikes" provision of 28 U.S.C. § 1915(g) finding that plaintiff had filed at least three frivolous actions in this Court in the past. (Doc. 3).  The Court also determined that plaintiff failed to allege facts showing he meets the statutory exception to the three strikes bar, that is, that he "is under imminent danger of serious physical injury." § 1915(g). Plaintiff's complaint alleged that in January 2005, he kicked a toilet off the wall in the Residential Treatment Unit causing a flood.  He was issued a conduct report, ordered to forfeit his shoes, and forced to stand in the water in his socks.  He was then escorted to a dry cell with the window open, placed in four-way restraints, and had cold air blowing on him for three hours. The following day, defendant Mockabee allegedly threatened plaintiff that "we've got a place for you" and "you better write your mother and tell her it was nice knowing her."  Plaintiff was then moved to a general population segregation cell.  He alleged his complaints about these actions were not adequately investigated by other staff members.  The complaint further alleged that on February 10, 2005, a corrections officer shoved plaintiff's food tray through the cell door slot striking plaintiff with hot turkey and gravy.  Later that day another corrections officer allegedly yanked on his handcuffs injuring his arms and wrists.  Medical records recording his injuries were subsequently altered.  Plaintiff's requests for a transfer were denied. While plaintiff's

complaint alleged past instances of abuse at the hands of prison employees occurring in January and February 2005, he failed to allege specific facts showing such abuse was ongoing or amounted to an imminent threat of serious physical injury. (Doc. 3 at 3). Because plaintiff failed to pay the $250.00 filing fee within thirty days of the date of the Court's Order, his case was dismissed. (Doc. 7). *See In re Alea*, 286 F.3d 378, 382 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002).

Plaintiff now seeks a stay of the Court's judgment pending his appeal to the Sixth Circuit Court of Appeals. In determining whether to issue a stay pending an appeal, the court balances the traditional factors governing injunctive relief: (1) whether plaintiff has a strong or substantial likelihood of success on the merits; (2) whether plaintiff will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies. *See Baker v. Adams County/Ohio Valley School Board*, 310 F.3d 927, 928 (6th Cir. 2002). "[I]n order to justify a stay of the district court's ruling, the [plaintiff] must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Id.*, citing In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985).

Plaintiff fails to show serious questions going to the merits of his right to proceed *in forma pauperis* in this matter. Plaintiff argues he could not have filed suit in January or February when he was "initially" under imminent danger of serious physical injury because he was required to exhaust his prison administrative remedies prior to filing his lawsuit. (Doc. 9 at 2). Plaintiff's contention that he be under imminent danger of serious physical injury when the underlying events take place has been rejected by all the circuits to have addressed this issue. *See Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 310-11 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *Ashley v.*

*Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). *See also Shepard v. Taft*, 2005 W.L. 1406103, *1 (S.D. Ohio June 15, 2005)*; Luedke v. Bertand*, 32 F. Supp.2d 1074, 1077 (E.D. Wisc. 1999). To meet the exception to section 1915(g), an inmate must show the danger to exist when the complaint is filed. *Id*. A prisoner's allegation that he faced imminent danger or was assaulted sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* under the exception to the three strikes rule. *Id*. Moreover, inmates who claim imminent danger must nevertheless exhaust their prison administrative remedies under 42 U.S.C. § 1997e(a) prior to filing suit in federal court. *See McAlphin v. Toney*, 375 F.3d 753 (8th Cir. 2004). Plaintiff has failed to allege facts showing he is entitled to a stay pending appeal in this matter. Accordingly, plaintiff's motion is **DENIED**.

    **IT IS SO ORDERED.**


Date:<u>June 30, 2005</u>             <u>s/Sandra S. Beckwith</u>
                                          Sandra S. Beckwith, Chief Judge
                                          United States District Court